**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4010**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANRIQUE ZACHERY,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:13-cr-00046-RBH-2)

─────────────

Submitted:  January 21, 2015          Decided:  February 4, 2015

─────────────

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Tristan Michael Shaffer, TRISTAN SHAFFER, ATTORNEY AT LAW,
Chapin, South Carolina, for Appellant.  Arthur Bradley Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anrique Zachery appeals from the criminal judgment imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012), and the resulting 300-month minimum sentence. On appeal, Zachery's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Zachery's twenty-five year sentence was unconstitutionally excessive. Zachery filed a supplemental pro se brief, claiming that the district court failed to consider the § 18 U.S.C. 3553(a) (2012) factors at sentencing. The Government did not file a response brief. We affirm the judgment of the district court.

We review de novo challenges to sentences on Eighth Amendment grounds. United States v. Cobler, 748 F.3d 570, 574 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014). We "first must determine that a 'threshold comparison' of the gravity of the offense and the severity of the sentence 'leads to an inference of gross disproportionality.'" Id. (quoting Graham v. Florida, 560 U.S. 48, 59-60 (2010)). If Zachery establishes this inference, we "then compare the defendant's sentence with the

2

sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." Graham, 560 U.S. at 60.

Congress mandates a minimum five-year sentence for a conviction under 18 U.S.C. § 924(c)(1)(A)(i), and further mandates that it run consecutively to a sentence imposed for the crime during which the firearm was possessed. 18 U.S.C. § 924(c)(1)(D)(ii). The district court complied with this Congressional mandate in imposing a 300-month term of imprisonment, which was the minimum it could impose by statute.

We conclude that Zachery fails to establish the threshold inference that his sentence is grossly disproportionate under the Eighth Amendment. "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." Harmelin v. Michigan, 501 U.S. 957, 994–95 (1991). Indeed, this court has held that stacked mandatory sentences under § 924(c) do not contravene the Constitution. See, e.g., United States v. Khan, 461 F.3d 477, 495 (4th Cir. 2006) (lengthy mandatory sentences imposed on defendants by "count-stacking" provisions of 18 U.S.C. § 924(c) did not constitute cruel and unusual punishment).

We review a challenge to the reasonableness of a criminal sentence for abuse of discretion. Gall v. United

3

States, 552 U.S. 38, 41 (2007); United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013). We first consider whether the district court committed a significant procedural error. United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir. 2011). If the sentence is procedurally reasonable, we then consider whether it is substantively reasonable, taking into account the totality of the circumstances and giving due deference to the district court's decision. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Sentencing Guidelines range is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Zachery bears the burden to rebut this presumption by showing that the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Though a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis" for its decision. Rita v. United States, 551 U.S. 338, 356 (2007).

In his pro se supplemental brief, Zachery makes a conclusory claim that the district court did not consider the

4

§ 3553(a) factors.  However, the record shows that the district court adequately explained the basis for the sentence it imposed, including its reasons for sentencing Zachery below the range advised by the Guidelines and specifically referencing factors outlined in § 3553(a).  Furthermore, the court properly calculated Zachery's Guidelines range, treated it as advisory, and provided an individualized assessment of Zachery's case, including its reasons for overruling his objections while accepting his request for a variance.  Thus, we discern no procedural unreasonableness in Zachery's sentence.  Moreover, we find that Zachery has offered no evidence to rebut the presumption of substantive reasonableness accorded to his below-Guidelines sentence.  Accordingly, we conclude that the district court did not abuse its discretion.

In accordance with Anders, we have reviewed the entire record and have found no potentially meritorious grounds for appeal.  We therefore affirm Zachery's conviction.  This court requires that counsel inform Zachery, in writing, of his right to petition the Supreme Court of the United States for further review.  If Zachery requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Zachery.  We dispense with oral argument because

5

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED